IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TERRY LAMAR SIMMONS, #77838**                   **PETITIONER**

**VERSUS**                  **CIVIL ACTION NO. 2:10-cv-279-KS-MTP**

**EMMITT SPARKMAN**[1]                       **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On November 30, 2010, Petitioner Simmons, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Mississippi State Penitentiary, Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On December 27, 2010, Petitioner filed an amended petition [4] regarding the exhaustion of his state court remedies as directed by the Court. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

### Background

Petitioner pled guilty to and was convicted of possession of precursors with intent to manufacture in the Circuit Court of Lamar County, Mississippi, on October 21, 2003. Petitioner was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Petitioner states that on April 28, 2010, he was granted parole pending completion of the long-term Alcohol and Drug pre-release program at a MDOC community

---

[1] Pursuant to Petitioner's amended petition, Emmitt Sparkman shall replace the State of Mississippi as the named Respondent.

work center.  Petitioner states that on August 7, 2010, he was released on a 72-hour honorary leave pass, and during this time period, he was arrested by a Hattiesburg Police Officer. Petitioner maintains that charges were not filed by the Hattiesburg Police Department, that he was "simply held [] for transport back to MDOC."  Am. Pet. [4], p.1.  Petitioner complains that as a result of this incident, he was issued a Rule Violation Report (RVR) by MDOC, which after a guilty finding resulted in his parole being rescinded on September 16, 2010.  *Id*. Petitioner asserts that he is not guilty of the rule violation and this incorrect finding has resulted in his parole being rescinded for 14 months.  *Id*.  Petitioner is requesting the reinstatement of his parole as relief in this case.  Pet. [1], p.15.

      The Court interprets Petitioner's claims to be that since he was removed from the pre-release treatment program as a result of the infraction and since his release on parole is contingent on completion of the program, that in effect his parole has been "rescinded." Petitioner has exhausted his remedies regarding his claims with the MDOC Administrative Remedy Program, as evidenced by the second step response filed as an attachment to Petitioner's amended petition [4-3], p.1.

      An order [2] was entered directing Petitioner to file an amended petition to "specifically state if he has filed (other than a direct appeal) any petitions, applications or motions with respect to his claim that his parole was illegally revoked in any court, state or federal" and Petitioner was directed to provide certain information about any filings.  The order [2] further directed the Petitioner "to specifically state if he has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -

29." Petitioner filed his amended petition [4], wherein he states that he has not filed any actions with the state courts regarding the basis for his current imprisonment.

## Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's

highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

There is an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administrative Remedy Program. *See* Miss.Code Ann. § 47-5-807 (Rev. 2004); *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss.Ct.App. 2010)(inmate appealed MDOC's denial of administrative remedy regarding earned time credit); *Siggers v. Epps*, 962 So.2d 78, 80-81 (Miss.Ct.App. 2005)(jurisdiction proper over appeal of MDOC administrative remedy affirming rule violation report). In addition, the Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(h)(Rev. 2007); *see e.g., Walker v. State*, 35 So.3d 555 (Miss.Ct. App. 2010)(PCR motion challenging parole revocation procedures). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this

date.

    SO ORDERED, this the 25th day of February, 2011.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE